1
2
3
4
5
6
7
8

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

9
10
11
12
13
14

ALLEN RAY RUSSELL II,

     Petitioner,

  v.

_____,

     Respondent.

Case No.  C07-5506FDB-KLS

ORDER DENYING
PETITIONER'S APPLICATION
FOR COURT-APPOINTED
COUNSEL

15
16
17

  Petitioner has filed a petition for writ of *habeas corpus* pursuant to 28 U.S.C. § 2254.  This matter is before the Court on petitioner's filing of an application for court-appointed counsel. (Dkt. #7).  The Court, having reviewed petitioner's application, hereby finds and ORDERS as follows:

18
19
20
21
22
23
24
25
26

  There is no right to have counsel appointed in cases brought under 28 U.S.C. § 2254, unless an evidentiary hearing is required or such appointment is "necessary for the effective utilization of discovery procedures." See McCleskey v. Zant, 499 U.S. 467, 495 (1991); United States v. Duarte-Higareda, 68 F.3d 369, 370 (9th Cir. 1995); United States v. Angelone, 894 F.2d 1129, 1130 (9th Cir. 1990); Weygandt v. Look, 718 F.2d 952, 954 (9th Cir. 1983); Rules Governing Section 2254 Cases in the United States District Courts 6(a) and 8(c).  The Court also may appoint counsel "at any stage of the case if the interests of justice so require." Weygandt, 718 F.2d at 754.  In deciding whether to appoint counsel, however, the Court "must evaluate the likelihood of success on the merits as well as the ability of the petitioner to articulate his claims *pro se* in light of the complexity of the legal issues involved." Id.

27
28

  Petitioner's application for court-appointed counsel consists of a form, on which little information regarding the reasons for requesting such counsel is provided, other than the statement that petitioner had

sought unsuccessfully to have at least two private attorneys represent him in this matter.  This, however, is a wholly insufficient basis on which to seek court-appointed counsel.  For example, petitioner has not requested that he be allowed to conduct discovery in this matter, nor does there appear to be good cause for granting him leave to do so at this stage of the proceedings. <u>See</u> Rule Governing Section 2254 Cases in the United States District Courts 6(a).

In addition, no determination has yet been made regarding whether an evidentiary hearing will be required in this case, nor does it appear one is needed at this point. <u>See</u> Rule Governing Section 2254 Cases in the United States District Courts 8(c).  Petitioner, furthermore, has not shown that there is a likelihood of success on the merits, that the issues involved here are necessarily complex, or that he is unable to articulate his claims *pro se*.  Lastly, petitioner has failed to show that his particular conditions of confinement are such that "the interests of justice" require appointment of counsel.

Accordingly, petitioner's application for court-appointed counsel (Dkt. #7) hereby is DENIED.

The clerk shall send a copy of this Order to petitioner.

DATED this 7th day of December, 2007.


Karen L. Strombom
United States Magistrate Judge

ORDER
Page - 2