1
2
3
4
5
6
7

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| ALLEN RAY RUSSELL II,<br><br>                Petitioner,<br><br>  v.<br><br>_____,<br><br>                Respondent. | Case No.  C07-5506FDB-KLS<br><br>ORDER TO SHOW CAUSE |

This matter is before the Court on petitioner's petition for writ of *habeas corpus* pursuant to 28 U.S.C. § 2254. The Court, having reviewed petitioner's petition and the balance of the record, hereby finds and ORDERS:

On October 26, 2007, petitioner filed an application to proceed *in forma pauperis* and a petition for writ of *habeas corpus* pursuant to 28 U.S.C. § 2254. (Dkt. #6). The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") imposes a one-year statute of limitations on petitions for writ of *habeas corpus* filed in federal court by persons in custody pursuant to the judgment of a state court. <u>Dictado v. Ducharme</u>, 244 F.3d 724, 726 (9th Cir. 2001); 28 U.S.C. § 2244(d). Section 2244(d) reads:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of --
>
> (A) the date on which the judgment became final by conclusion of direct review or the expiration of the time for seeking such review;

ORDER
Page - 1

>    (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
>    (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review;  or
>
>    (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d).  This one-year statute of limitations is tolled for "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." Dictado, 244 F.3d at 726; 28 U.S.C. § 2244(d)(2).  Conversely, the AEDPA's statute of limitations "is not tolled from the time a final decision is issued on direct state appeal and the time the first state collateral challenge is filed because there is no case 'pending' during that interval." Nino v. Galaza, 183 F.3d 1003, 1006 (9th Cir. 1999).

Petitioner states that he was convicted of rape in the second degree on October 17, 2002, and then sentenced to 137 months in prison on November 22, 2002. (Dkt. #6, p. 1[1]).  He states his conviction was affirmed by the Washington State Court of Appeals, Division II, on May 4, 2004, and by the Washington State Supreme Court on February 1, 2005.  (Id. at p. 3).  For statute of limitations purposes, therefore, the period of "direct review" in this case ended, and petitioner's judgment thus became final, on May 2, 2005. See Bowen v. Roe, 188 F.3d 1157, 1159 (9th Cir. 1999) ("[T]he period of 'direct review' in 28 U.S.C. § 2244(d)(1)(A) includes the period within which a petitioner can file a petition for writ of certiorari from the United States Supreme Court, whether or not the petitioner actually files such a petition."); United States Supreme Court Rule 13 (petition for writ of *certiorari* to review judgment by state court of last resort is timely when filed within ninety days after entry of judgment).

Accordingly, the one-year statute of limitations began to run on May 3, 2005, and continued to run for a total of 309 days until petitioner states he filed a personal restraint petition with the court of appeals on March 8, 2006.  (Id. at p. 4).  Petitioner states that personal restraint petition was dismissed on January

---

[1] The petition form petitioner has used to file his petition starts on page 2.  Thus page 3 here actually is the second page of the petition.  However, for the sake of consistency and to avoid confusion, the undersigned shall use the page numbering contained in the petition form.

ORDER
Page - 2

7, 2007 (Id.), after which the statute of limitations again began to run for a period of 56 days, or until May 4, 2007, when it ended. An additional 139 days went by before petitioner filed his federal *habeas corpus* petition with this Court. (Dkt. #1).

Although the "AEDPA's statute of limitations is subject to equitable tolling," it is "unavailable in most cases." Corjasso v. Ayers, 278 F.3d 874, 877 (9th Cir. 2002) (citation omitted). Equitable tolling "is appropriate only 'if extraordinary circumstances beyond a prisoner's control make it impossible to file a petition on time.'" Id. (citations omitted); Frye v. Hickman, 273 F.3d 1144, 1146 (9th Cir. 2001); Allen v. Lewis, 255 F.3d 798, 799-800 (9th Cir. 2001). "External forces," not petitioner's "lack of diligence" must account for his or her failure to file a timely petition. Miles v. Prunty, 187 F.3d 1104, 1107 (9th Cir. 1999). As the Ninth Circuit Court of Appeals has held:

> It will normally be much more difficult for a prisoner to demonstrate causation where he encounters the "extraordinary circumstances" in the beginning or middle of the limitations period than where he encounters them at the end of limitations period. This is the case because, if the prisoner is diligently pursuing his habeas petition, the one-year limitations period will ordinarily give him ample opportunity to overcome such early obstacles.

Allen, 255 F.3d at 800; see also Valverde v. Stinson, 224 F.3d 129, 134 (2nd Cir. 2000) (prisoner required to demonstrate causal relationship between extraordinary circumstances and lateness of filing); Fisher v. Johnson, 174 F.3d 710, 715-16 (5th Cir. 1999) (rejecting equitable tolling claim because petitioner still had over six months to complete federal *habeas corpus* petition after termination of allegedly extraordinary circumstances). Further, ignorance of the law, "even for an incarcerated pro se petitioner, generally does not excuse prompt filing." Marsh v. Soares, 223 F.3d 1217, 1220 (9th Cir. 2000) (quoting Fisher, 174 F.3d at 714. Here, there is no indication that extraordinary circumstances beyond petitioner's control made it impossible for him to file his petition on time.

It thus appears from the face of the petition that more than one year has passed since petitioner last challenged this matter at the state level, and that he is not entitled to equitable tolling. Further, there is no indication any other proceeding regarding this matter is currently pending in state court. As such, it also appears that the petition is now time barred. In addition, Rule 2(a) of the Rules Governing Section 2254 Cases in the United States District Courts reads in relevant part:

> If the applicant is presently in custody pursuant to the state judgment in question, the application shall be in the form of a petition for a writ of habeas corpus in which the state officer having custody of the applicant shall be named as respondent.

ORDER
Page - 3

1. A petitioner for *habeas corpus* relief, therefore, must name the state officer having custody of him or her as the respondent to the petition. This person typically is warden of the institution where the petitioner is incarcerated. Failure to name the petitioner's custodian deprives federal courts of personal jurisdiction. <u>Stanley v. California Supreme Court</u>, 21 F.3d 359, 360 (9th Cir. 1994 (citations omitted). Here, however, petitioner has failed to name any respondent in his *habeas corpus* petition.

      Accordingly, the Court shall not serve the petition on respondent. In addition, petitioner shall file by **no later than January 6, 2008**, an amended petition under 28 U.S.C. § 2254 showing, if possible, that his petition is not now time-barred and naming a proper respondent, or show cause why this matter should not be dismissed.

      The Clerk shall send a copy of this Order to petitioner.

      DATED this 7th day of December, 2007.

                                 Karen L. Strombom
                                 United States Magistrate Judge