UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

ALLEN RAY RUSSELL II,

    Petitioner,

v.

TIMOTHY WENGLER,

    Respondent.

Case No. C07-5506FDB-KLS

ORDER DENYING PETITIONER'S APPLICATION FOR COURT-APPOINTED COUNSEL

This matter is before the Court on petitioner's filing of a second application for court-appointed counsel. (Dkt. #17). The Court, having reviewed petitioner's application, hereby finds and ORDERS as follows:

There is no right to have counsel appointed in cases brought under 28 U.S.C. § 2254, unless an evidentiary hearing is required or such appointment is "necessary for the effective utilization of discovery procedures." See McCleskey v. Zant, 499 U.S. 467, 495 (1991); United States v. Duarte-Higareda, 68 F.3d 369, 370 (9th Cir. 1995); United States v. Angelone, 894 F.2d 1129, 1130 (9th Cir. 1990); Weygandt v. Look, 718 F.2d 952, 954 (9th Cir. 1983); Rules Governing Section 2254 Cases in the United States District Courts 6(a) and 8(c). The Court also may appoint counsel "at any stage of the case if the interests of justice so require." Weygandt, 718 F.2d at 754. In deciding whether to appoint counsel, however, the Court "must evaluate the likelihood of success on the merits as well as the ability of the petitioner to articulate his claims *pro se* in light of the complexity of the legal issues involved." Id.

On October 26, 2007, petitioner filed an application for court-appointed counsel, on which little information regarding the reasons for requesting such counsel was provided, other than the statement that

1  petitioner had sought unsuccessfully to have at least two private attorneys represent him in this matter.
2  (Dkt. #7). On December 10, 2007, however, the Court issued an order finding this statement a wholly
3  insufficient basis on which to seek court-appointed counsel. (Dkt. #10). For example, the Court noted
4  petitioner had not requested that he be allowed to conduct discovery in this matter, nor did there appear to
5  be good cause for granting him leave to do so at this stage of the proceedings. See Rule Governing
6  Section 2254 Cases in the United States District Courts 6(a).

7  In addition, the Court observed that no determination has yet been made regarding whether an
8  evidentiary hearing will be required in this case, nor did it appear one is needed at this point. See Rule
9  Governing Section 2254 Cases in the United States District Courts 8(c). Petitioner, furthermore, had not
10 shown that there was a likelihood of success on the merits, that the issues involved here were necessarily
11 complex, or that he was unable to articulate his claims *pro se*. Lastly, petitioner had failed to show that
12 his particular conditions of confinement were such that "the interests of justice" require appointment of
13 counsel. As such, the Court denied petitioner's application.

14 Petitioner's current application for court-appointed counsel filed on February 7, 2008, presents no
15 further valid basis for seeking appointment of counsel. After acknowledging the Court's previous denial
16 of his first application, petitioner goes on to state that "now it is absolutely necessary and vital that" he "is
17 appointed counsel, due to the facts he is attempting to bring to the surface, to prove his innocence." (Dkt.
18 #17, p. 2). In a memorandum he submitted in support of his application, petitioner states that this case is
19 "extremely complex," because he seeks "medical evidence," which apparently requires both investigators
20 and the testimony of one or more expert witnesses. (Id. at pp. 2-4).

21 Whether or not such evidence and the means with which to obtain that evidence petitioner claims
22 is necessary here, however, remains to be seen. Again, while petitioner now has moved for discovery in
23 this matter (see Dkt. #18-#19), there does not appear to be good cause for granting him leave to do so at
24 this stage of the proceedings. The Court also once more finds that the other reasons the cited above for
25 denying petitioner's first application for court-appointed counsel apply equally to this, his second one, as
26 well. That is, no determination has yet been made regarding whether an evidentiary hearing will be
27 required, nor did it appear one is needed at this point. Further, petitioner's assertions to the contrary, he
28 still has not shown that there is a likelihood of success on the merits, that the issues involved here are

1  necessarily complex, or that he is unable to articulate his claims *pro se*.

2  Accordingly, petitioner's second application for court-appointed counsel (Dkt. #17) hereby is
3  DENIED.

4  The clerk shall send a copy of this Order to petitioner.

5  DATED this 3rd day of March, 2008.

Karen L. Strombom
United States Magistrate Judge

ORDER
Page - 3